UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
·······································································X
ANTONY CUJCUY and HEBERT CUJCUY on :
behalf of themselves and all others similarly :
situated, :    **COMPLAINT**
 :
            Plaintiff, :    **FLSA COLLECTIVE ACTION**
 :
     v. :
 :    **JURY DEMAND**
ZAMZAM LIVE POULTRY II CORP., :
ROCKAWAY LIVE POULTRY INC., :
ALMEDINA LIVE POULTRY II CORP., :
MAEEN ALTAWIL, and JAMEEL BOKER, :
                                                                    X
            Defendants. 
·······································································

  Plaintiffs ANTONY CUJCUY and HEBERT CUJCUY ("Plaintiffs"), by and through his attorneys, on behalf of themselves and all others similarly situated, alleges, upon personal knowledge as to themselves, and upon information and belief as to all other matters, as follows:

### PRELIMINARY STATEMENT

1. Plaintiffs bring this action, on behalf of themselves and others similarly situated, against ZAMZAM LIVE POULTRY II CORP., ROCKAWAY LIVE POULTRY INC., ALMEDINA LIVE POULTRY II CORP., MAEEN ALTAWIL, and JAMEEL BOKER ("Defendants"), to remedy violations of the Fair Labor Standards Act, as amended ("FLSA"), 29 U.S.C. § 201 et seq. Plaintiffs seek, for themselves and all others similarly situated, declaratory and injunctive relief, unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs, and all other appropriate legal and equitable relief, pursuant to 29 U.S.C. §§ 216(b) and 217, and other applicable federal law.

2. Plaintiffs also brings this action, on behalf of themselves, to remedy violations of the New York State Labor Law ("NYLL"), including NYLL §190 et seq., §§ 650 et seq., and 12

NYCRR § 142-2.2.  Plaintiffs seek declaratory and injunctive relief, unpaid wages, unpaid overtime wages, unpaid spread of hours pay, statutory penalties, liquidated damages, statutory interest, reasonable attorneys' fees and costs, and all other appropriate legal and equitable relief, pursuant to the NYLL §§ 191, 198, 663.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court over Plaintiffs' FLSA claims is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Jurisdiction of this Court over Plaintiffs' NYLL claims is invoked pursuant to 28 U.S.C. § 1367(a) in that the NYLL claims are so related to Plaintiffs' FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this District, pursuant to 28 U.S.C. § 1391, because Defendants do business in, and accordingly reside in, this District.  Venue is further proper within this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred within this District.

## PARTIES

6. Plaintiff ANTONY CUJCUY resides in the State of New York.

7. Plaintiff HEBERT CUJCUY resides in the State of New York.

8. Defendant ZAMZAM LIVE POULTRY II CORP. ("Zamzam") is a Domestic Business Corporation registered in the State of New York with an address for service of process at 212-50 Jamaica Ave., Queens Village, NY 11428.

9. Defendant ROCKAWAY LIVE POULTRY INC. ("Rockaway") is a Domestic Business Corporation registered in the State of New York with an address for service of process at 127-15 Rockaway Blvd., Queens, NY 11420.

10. Defendant ALMEDINA LIVE POULTRY II CORP. ("Almedina") is a Domestic Business Corporation registered in the State of New York with an address for service of process at 151-24 Beaver Road, Queens, NY 11433.

11. At all times relevant to this action, Defendant JAMEEL BOKER ("Boker") has been the Chief Executive Officer and, on information and belief, an owner of, Defendants Zamzam Rockaway, and Almedina. As Chief Executive Officer of Defendants Zamzam Rockaway, and Almedina, Defendant Boker had and exercised the power to hire, fire, and set the wages and hours of all the employees of Defendants Zamzam Rockaway, and Almedina, including Plaintiffs and others similarly situated.

12. At all times relevant to this action, Defendant MAEEN ALTAWIL ("Altawil") has been the manager and, on information and belief, an owner of, Defendants Zamzam Rockaway, and Almedina. As the manager and/or owner of Defendants Zamzam Rockaway, and Almedina, Defendant Boker had and exercised the power to hire, fire, and set the wages and hours of all the employees of Defendants Zamzam Rockaway, and Almedina, including Plaintiffs and others similarly situated.

13. Defendants Zamzam Rockaway, Almedina, Boker and Altawil are hereinafter collectively referred to as "Defendants".

14. Defendants grossed more than $500,000.00 in each of the last six calendar years.

15. At all times relevant hereto, the activities of the Defendants jointly and separately constituted an "enterprise" within the meaning of §3(r) &(s) of the FLSA, 29 U.S.C. § 203(r)&(s).

16. At all times relevant hereto, Defendants employed employees, including Plaintiffs and the FLSA Collective Plaintiffs, who regularly were employed by Defendants' enterprise engaged in commerce or the production of goods for commerce or in handling, selling or otherwise

3

working on goods and materials which have moved in or been produced for commerce within the meaning of § 3(b), (g), (i), (j) (r) and (s)(A)(i) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r), & (s)(A)(i).

17. At all times relevant hereto, Defendants have been, and continue to be, an "enterprise engaged in commerce or in the production of goods for commerce," within the meaning of 29 U.S.C. § 203 and 29 U.S.C. § 207(a)(1).

18. At all times relevant hereto, Defendants have been, and continue to be, an "employer" as defined by 29 U.S.C. § 203(D) and by the NYLL §190(3).

19. At all times relevant hereto, Defendants have employed "employee[s]," including Plaintiffs and each of the FLSA Collective Plaintiffs.

## FACTUAL ALLEGATIONS

20. Defendants jointly operate four New York City live poultry markets/stores that sell freshly slaughtered Halal chicken, hens, ducks, roosters, guinea, and turkey, as well as goats, lambs and beef.

21. At all times relevant to this action, Defendants employed Plaintiffs, and the FLSA Collective Plaintiffs, as non-exempt workers to work in their live poultry markets/stores butchering, cutting, cleaning, and selling their poultry and meat.

22. Defendants employed Plaintiff ANTONY CUJCUY in 2020 for about four months and then from in or about February 2021, until Sunday, January 16, 2022, when he was fired by Defendant Altawil.

23. Defendants employed Plaintiff HEBERT CUJCUY from in or about December 2020 until Sunday, January 16, 2022, when he was fired by Defendant Altawil.

24. Defendants paid Plaintiffs and the FLSA Collective Plaintiffs on a flat daily rate basis. For example, Defendants paid Plaintiffs at rates of $140 and then $150 per day.

25. Defendants treated Plaintiffs and the FLSA Collective Plaintiffs as non-exempt employees.

26. Plaintiffs and each of the FLSA Collective Plaintiffs were non-exempt employees.

27. Defendants regularly scheduled Plaintiffs, and each of the FLSA Collective Plaintiffs, to work six days a week.

28. Defendants regularly scheduled Plaintiffs and each of the FLSA Collective Plaintiffs to work at least (10) hours per work-day, normally from 8:00 AM until 6:00 PM, except that on Saturdays they were scheduled to work from 7:00 AM until 6:00 PM and on Sundays they were scheduled to work from 8:00 AM until 4:00 PM.

29. Plaintiffs and the FLSA Collective Plaintiffs were not given meal breaks or lunch times, they were only able to take off five or ten minutes to eat lunch.

30. Plaintiff and the FLSA Collective Plaintiffs regularly worked before the start of their scheduled shifts – sometimes Defendants made Plaintiffs start working s early as 6:30 AM.

31. Plaintiff and the FLSA Collective Plaintiffs regularly worked after the end of their scheduled shifts – almost every day Defendants made Plaintiffs continue working until 6:20 or 6:30 PM, or later.

32. Defendants <u>never</u> paid Plaintiffs or the FLSA Collective Plaintiffs for the time they worked for Defendants before <u>and</u> after their scheduled hours of work.

33. Defendants failed to keep accurate and sufficient time records as required by Federal and New York State law.

...

34. Defendants failed to track, record, and/or pay Plaintiffs and each of the FLSA Collective Plaintiffs for all of their hours worked.

35. Defendants failed to pay any overtime premiums to Plaintiffs and the FLSA Collective Plaintiffs.

36. Defendants' practices resulted in Plaintiffs and the FLSA Collective Plaintiffs regularly working more than forty (40) hours a week without being paid their earned overtime premiums, and in them not being compensated for all of the time they spent working for Defendants.

37. Defendants profited from the unpaid extra hours worked by Plaintiffs and the FLSA Collective Plaintiffs.

38. Defendants failed to pay Plaintiffs the spread of hours pay required by NYLL.

39. Defendants failed to provide Plaintiffs with the notices required by NYLL §195(1).

40. Defendants violated NYLL § 195(3) by failing to furnish Plaintiffs with a statement with every payment of wages, listing, among other things, hours worked, rates paid, gross wages, deductions and net wages, and an explanation of how such wages were computed.

41. Defendants' record keeping and notice violations prevented Plaintiffs, and the FLSA Collective Plaintiffs, from knowing their legal rights and from figuring out how many hours Defendants did not pay them for.

42. Defendants knew of, and/or showed reckless disregard for, the practices by which they illegally failed to pay Plaintiffs and the FLSA Collective Plaintiffs overtime premiums for all hours they worked in excess of forty (40) hours in a workweek.

43. Defendants knew that the nonpayment of overtime premiums would economically injure Plaintiffs and the FLSA Collective Plaintiffs and that they violated the FLSA and the NYLL.

...

44. Defendants committed the foregoing acts knowingly, intentionally and willfully against Plaintiffs and the FLSA Collective Plaintiffs.

## FLSA COLLECTIVE ACTION ALLEGATIONS

45. Plaintiffs bring the First Cause of Action as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of all non-exempt workers assigned to work in/at Defendants' four New York City live poultry markets/stores, employed by Defendants on or after the date that is three years prior to the filing of this Complaint to the entry of judgment in this case. All said persons, including Plaintiffs, are referred to herein as the "FLSA Collective Plaintiffs."

46. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and job duties, and are and have been subject to Defendants' decision, policy, plan, practice, procedure, routine, and rules of willfully failing and refusing to pay them at least one-and-one-half (1-1/2) times their regular hourly rates of pay for work performed for Defendants in excess of forty (40) hours per workweek. The claims of Plaintiffs herein are essentially the same as those of the other FLSA Collective Plaintiffs.

47. Other non-exempt workers assigned to work in/at Defendants' four New York City live poultry markets/stores employed by Defendants should have the opportunity to have their claims for violations of the FLSA heard. Certifying this action as a collective action under the FLSA will provide them notice of the action and allow them to opt in to such an action if they so choose.

48. The First Cause of Action is properly brought under and maintained as an opt-in collective action pursuant to section 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For the purpose of notice and other purposes related to this

action, their names and addresses are readily available from Defendants based on records they are required to maintain by law. Notice can be provided to the FLSA Collective Plaintiffs via first-class mail to the last addresses known to Defendants.

## FIRST CAUSE OF ACTION

### (Failure to Pay Overtime Wages – FLSA, Brought by Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs)

49. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, reallege and incorporate by reference all previous paragraphs as if they were set forth herein.

50. Plaintiffs consent in writing to be parties to this action under 29 U.S.C. § 216(b).

51. At all times relevant hereto, Plaintiffs and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek.

52. At all times relevant hereto, Defendants had a policy and practice of refusing to pay all of the wages and overtime compensation owed to their employees for all hours worked, including hours worked in excess of forty (40) hours per workweek.

53. At all times relevant hereto, Defendants willfully, regularly, repeatedly, and knowingly failed to pay Plaintiffs and the FLSA Collective Plaintiffs the statutorily required overtime rates for hours worked in excess of forty (40) hours per workweek.

54. Defendants' violations were willful and a three (3) year limitations period should apply under 29 U.S.C. § 255(a).

55. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seeks damage in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION

**(Failure to Pay Overtime Wages – NYLL, Brought by Plaintiffs on Behalf of Themselves)**

56. Plaintiffs, on behalf of themselves, reallege and incorporate by reference all previous paragraphs as if they were set forth herein.

57. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime premiums for all hours worked in excess of forty (40) hours in any workweek.

58. It is unlawful under New York law for an employer to suffer or permit an employee to work without compensation for all hours worked.

59. It is unlawful under New York law for an employer to suffer or permit an employee to work more than ten hours a day without paying them spread of hours pay.

60. Defendants willfully, regularly, repeatedly, and knowingly failed to pay Plaintiffs for all hours worked <u>and</u> for all of the overtime hours worked at the required overtime rates for hours worked in excess of forty (40) hours per workweek.

61. Defendants willfully, regularly, repeatedly, and knowingly failed to pay Plaintiffs required spread of hours pay in violation of the NYLL.

62. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiffs have sustained damages, including loss of earnings, in an amount to be established at trial.

63. Plaintiffs seek damages in the amount of their unpaid wages, unpaid overtime compensation, unpaid spread of hours pay, liquidated damages, pre-judgment interest at the statutory rate, attorneys' fees and costs, pursuant to the NYLL, and such other legal and equitable relief as this Court deems just and proper.

**THIRD CAUSE OF ACTION**

**(Failure to Provide Notices & Accurate Wage Statements – NYLL §§ 195(1) and (3), Brought by Brought by Plaintiffs on Behalf of Themselves)**

64. Plaintiffs, on behalf of themselves, reallege and incorporate by reference all previous paragraphs as if they were set forth herein.

65. Defendants have willfully failed to supply Plaintiffs with the notices required by NYLL § 195(1), containing Plaintiffs' rate or rates of pay and the bases thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

66. Defendants have also willfully failed to supply Plaintiffs with accurate statements of wages as required by NYLL § 195(3), containing the dates of work covered by that payment of wages; the name of the employee; the name of the employer; the address and phone number of the employer; rate or rates of pay and bases thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

67. Defendants violated NYLL §§ 195(1) and (3) and consequently owe Plaintiffs statutory damages as specified by NYLL §§ 198(1-b) and (1-d).

68. Plaintiffs seek statutory damages as specified by NYLL §§ 198(1-b) and (1-d), reasonable attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, pray for relief as follows:

(a) Certification of this action as a collective action as it relates to the First Cause of Action, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all members of the FLSA Collective described herein apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b) Designation of Plaintiffs and their counsel to represent the FLSA Collective Plaintiffs;

(c) An award of unpaid wages and overtime compensation and spread of hours pay, according to proof, including FLSA and NYLL liquidated damages, and interest, to be paid by Defendants;

(d) Statutory damages under NYLL §§ 198(1-b) and (1-d), for violations of NYLL §§ 195(1) and (3);

(e) Costs of action incurred herein, including expert fees;

(f) Attorneys' fees, including fees pursuant to 29 U.S.C. § 216 and NYLL § 663;

(g) Pre-judgment and post-judgment interest, as provided by law; and

(h) Such other legal and equitable relief as this Court deems necessary, just and proper.

Dated: June 1, 2022

HARRISON, HARRISON & ASSOCIATES, LTD.

\_\_\_\_/s/DAVID HARRISON_____
David Harrison, Esq.
dharrison@nynjemploymentlaw.com
110 State Highway 35, Suite 10
Red Bank, NJ 07701
(718) 799-9111 Phone
*Attorney for Plaintiffs & FLSA Collective Members*

# EXHIBIT "A"

I am a current or former employee of Zamzam Live Poultry II Corp and related entities/ individuals. I hereby consent and agree to be a party Plaintiff in this Action to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. 216(b).

I hereby designate Harrison, Harrison & Associates, Ltd. to represent me in this Action and I also consent and agree, if such is necessary, to file this claim on behalf of all others similarly situated.

Signed this ____ day of _____ 5/8/2022 .

_____
Signature

antony cujcuy

_____
Full Legal Name (print)

I am a current or former employee of Zamzam Live Poultry II Corp and related entities/ individuals. I hereby consent and agree to be a party Plaintiff in this Action to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. 216(b).

I hereby designate Harrison, Harrison & Associates, Ltd. to represent me in this Action and I also consent and agree, if such is necessary, to file this claim on behalf of all others similarly situated.

Signed this ____ day of ___5/10/2022___ .

DocuSigned by:

/s/ _____
764DE2786B2440E...

_____
Signature

Hebert Cujcuy

_____
Full Legal Name (print)